KENNARD, J.—
I concur in the judgment without joining Justice Brown’s majority opinion, Justice Mosk’s concurring opinion, or the Chief Justice’s concurring and dissenting opinion.
At issue is whether a public contracting program of the City of San Jose violates article I, section 31 of the California Constitution, enacted by initiative in 1996, which declares that “[t]he State shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting.” I agree with the majority that the ordinary plain meaning of “preferential” is “ ‘priority or advantage to one person . . . over others.’ ” (Maj. opn., ante, at p. 560.) Both the majority and the Chief Justice review the ballot materials that explained the constitutional initiative measure to the voters (maj. opn., ante, at pp. 559-562; conc. & dis. opn., post, at pp. 582-587), and I agree with the majority that nothing in those materials suggests that those who enacted this constitutional provision intended the word “preferential” to have other than its common and accepted meaning. Applying this common meaning of “preferential,” I agree with the majority, the Chief Justice, and Justice Mosk that the challenged program of the City of San Jose grants preferential treatment on the basis of race and sex in the operation of public contracting. (Maj. opn., ante, at p. 562; conc. opn. of Mosk, J., ante, at pp. 572-573; conc. & dis. opn., post, at pp. 592, 596.)
Because the issue presented is readily resolved by reference to the ordinary meaning of the constitutional text and a review of the ballot materials *576 submitted to the voters who enacted the constitutional provision, I see no need to discuss potentially divisive matters, such as the history of judicial construction of federal constitutional equal protection and statutory civil rights provisions as applied to racial distinctions (maj. opn., ante, at pp. 545-558), possible modifications of the City of San Jose’s program to “satisfy section 31 in both its end and its means” (conc. opn. of Mosk, J., ante, at pp. 573-575), or commonly offered justifications for race-conscious affirmative action programs (conc. & dis. opn., post, at pp. 576-579). But I join the majority, Justice Mosk, and the Chief Justice in affirming the Court of Appeal’s judgment.